FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2024 APR 30 PM 12: 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

RICHARD TORRES

                Defendant.

4:24CR3007

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Susan T. Lehr, United States Attorney and Danielle Fliam, Assistant United States Attorney, and defendant, Richard Torres, and Stuart J. Dornan, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges conspiracy to distribute and possess with the intent to distribute 5 grams or more of actual methamphetamine, a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Count II of the Indictment at the time of sentencing.

2. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for additional drug or firearm trafficking crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

1

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.    Two or more persons reached an agreement, or came to an understanding to distribute or possess with the intent to distribute at least 5 grams of actual methamphetamine;

2.    The defendant voluntarily and intentionally joined in the agreement or the understanding, either at the time it was first reached or at some later time while it was still in effect;

3.    At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

4.    The agreement or understanding involved at least 5 grams of actual methamphetamine.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed.

On March 23, 2022, a Nebraska State Trooper contacted a woman walking along the side of a road in Lincoln County, Nebraska. The woman advised the trooper that something had fallen off of her vehicle and identified her vehicle as a Chevy Suburban parked nearby, alongside the road. When the woman re-entered the vehicle, the trooper was able to smell the odor of marijuana coming from the vehicle and a probable cause search was conducted of her person and of the vehicle. On the woman, troopers found approximately 2 ounces of methamphetamine. At least five grams of this substance were pure methamphetamine.

Subsequent investigation revealed that at least some of the drugs from the March traffic stop were destined for this defendant. Law enforcement learned that the defendant would travel from the North Platte, Nebraska area to Holyoke and Denver, Colorado to pick up methamphetamine, then transport it back to sell to others.

On August 1, 2022, law enforcement was able to purchase additional meth from this

2

defendant during a controlled buy using a cooperating human source.

As part of the conspiracy, the defendant distributed or possessed with intent to distribute at least 50 grams but less than 200 grams of methamphetamine.

## III

## PENALTIES

A.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.  A maximum of 40 years imprisonment and a mandatory minimum of 5 years imprisonment;

2.  A maximum $5,000,000 fine;

3.  A mandatory special assessment of $100;

4.  A term of supervised release of at least 4 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release; and

5.  Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

1.  The parties agree that defendant shall be held responsible, beyond a reasonable doubt, for at least 50 grams, but not more than 200 grams of methamphetamine.

2.  If the defendant is found to be entitled to an offense level reduction under

3

U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.    Fails to admit a complete factual basis for the guilty plea at the time it is entered, or

2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

3.    Fails to appear in court, or

4.    Engages in additional criminal conduct, or

5.    Attempts to withdraw the guilty plea, or

6.    Refuses to abide by any lawful court order, or

7.    Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

E.    CRIMINAL HISTORY

The parties agree the defendant will make no "blanket" objections to the criminal history

4

calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

The parties have no other agreement concerning the defendant's criminal history category except that if the defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a criminal history category VI pursuant to USSG § 4B1.1(b).

F.    RECOMMENDATION REGARDING CUSTODY

The United States will recommend that the defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) A claim of ineffective assistance of counsel;

(b) A right to file a motion under Section 3582(c)(1)(A);

1. the general right to file a compassionate release motion;

2. the right to file a second or successive such motion; or

3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b)    The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## <u>BREACH OF AGREEMENT</u>

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.  Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## <u>SCOPE OF AGREEMENT</u>

A.   This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.   By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.   The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a

6

speedy trial.

C.  The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding.  Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.  Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty.  The defendant will make this payment at or before the time of sentencing.

E.  By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).  The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

**X**

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).   Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
SUSAN T. LEHR
United States Attorney

4/30/2024
Date

DANIELLE FLIAM
ASSISTANT U.S. ATTORNEY

4/25/2024
Date

RICHARD TORRES
DEFENDANT

4-25-24
Date

STUART J. DORNAN
COUNSEL FOR DEFENDANT

8